IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No.   6:21-CR-057-H-BU |
| BIG LAKE GAS PLANT, L.P. | |

## PLEA AGREEMENT

Big Lake Gas Plant, L.P., the defendant, Scott Janoe, the defendant's attorney, and the United States of America ("the government") agree as follows:

1. **Rights of the defendant**:   The defendant understands that the defendant has the rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have the defendant's guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**:   The defendant waives these rights and pleads guilty to the offenses alleged in Counts One and Two of the Information, charging violations of 42 U.S.C. § 7413(c)(1), that is, a Knowing Violation of the Clean Air Act, and 42 U.S.C. § 7413(c)(4), that is, Negligent Endangerment, respectively.   The defendant understands the nature and elements of the crimes to which the defendant is

Big Lake Gas Plant, L.P.
Plea Agreement - Page 1

pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose include (as to each count, unless otherwise noted):

    a. a term of probation of not more than five years;

    b. a fine not to exceed $500,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. a mandatory special assessment of $400 for a felony (Count One) and $125 for a misdemeanor (Count Two);

    d. restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    e. costs of supervision; and

    f. forfeiture of property.

4. **Representation of Authority:** This plea agreement will be executed by the defendant's attorney, Scott Janoe. By entering into this plea agreement, Scott Janoe expressly represents to the Court and to the government that he has the consent, power, and authority to bind the defendant and to sign this plea agreement and the factual resume as its organizational representative. The defendant agrees that a resolution adopted by its board of directors and attached as Exhibit 1 authorizes the signature on this plea agreement and factual resume by Scott Janoe, its attorney and organizational representative.

Big Lake Gas Plant, L.P.
Plea Agreement - Page 2

5. **Sentencing agreement:** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the appropriate sentence in this case is a fine in the amount of $3,000,000, to be paid in full prior to sentencing. If the Court accepts this plea agreement, this sentencing provision is binding on the Court. Other than the agreed fine, there are no other sentencing limitations, and the Court remains free to determine the appropriate sentence under the advisory United States Sentencing Guidelines and 18 U.S.C. § 3553.

6. **Rejection of agreement:** Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant will be allowed to withdraw the defendant's guilty plea. If the defendant declines to withdraw the defendant's guilty plea, the disposition of the case may be less favorable than that contemplated by the plea agreement.

7. **Mandatory special assessment:** Prior to sentencing, the defendant agrees to pay to the United States District Clerk the total amount of $525 ($400 as to Count One and $125 as to Count Two), in satisfaction of the mandatory special assessments in this case.

8. **Defendant's agreement:** The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offenses of conviction, and to give complete and truthful testimony in a trial of co-defendants. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the United States Probation Office regarding

the defendant's capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

9. **Government's agreement:** The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending Information. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

**Big Lake Gas Plant, L.P.**
**Plea Agreement - Page 4**

10. **Violation of agreement:** The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant, and any current officers or employees, for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

11. **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12. **Waiver of right to appeal or otherwise challenge sentence:** The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine, and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine, and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an

Big Lake Gas Plant, L.P.
Plea Agreement - Page 5

arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13. **Waiver of Right of Records:** The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States, any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

14. **Representation of counsel:** The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into the plea agreement and all its terms, rather than to proceed to trial in this case.

[Remainder of page intentionally left blank.]

15. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 27th day of September, 2021.

_____
BIG LAKE GAS PLANT, L.P.
Defendant
By:  SCOTT JANOE
Attorney and Organizational
Representative for Defendant

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

_____
SEAN J. TAYLOR
Special Assistant United States Attorney
Northern District of Texas
Texas State Bar No. 24075147
600 East Taylor, Suite 2000
Sherman, Texas 75090
Telephone: 903/868-9454
Facsimile: 903/892-2792
sean.taylor@usdoj.gov

_____
JEFFREY R. MAAG
West Texas Branch Chief

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one. I have the consent, authority, and power to bind the defendant and to sign this plea agreement as its organizational representative.

_____    _____
SCOTT JANOE                         Date
Attorney and Organizational
Representative for Defendant

RESOLUTION OF THE BOARD OF DIRECTORS OF
REAGAN COUNTY GAS GATHERING GP, INC.

WHEREAS, Reagan County Gas Gathering GP, Inc. is the sole general partner of Big Lake Gas Plant, L.P., a limited partnership established under the laws of the State of Texas;

WHEREAS, Big Lake Gas Plant, L.P. has been engaged in discussions with the United States Department of Justice ("United States") in connection with alleged violations of the Clean Air Act ("CAA") at the Big Lake Gas Plant alleged to have occurred on or around January 17, 2017, December 25, 2017, and April 14, 2018;

WHEREAS, the United States has offered a plea agreement wherein Big Lake Gas Plant, L.P. would plead guilty to a knowing violation of the CAA, 42 U.S.C. § 7413(c)(1), in relation to the April 14, 2018 event for failing to update the Risk Management Plan for the Big Lake facility to reflect that the facility was subject to Program 3 requirements within six months of an accidental release in violation of 40 C.F.R. § 68.190(b)(7), and to a negligent violation of the CAA, 42 U.S.C. § 7413(c)(4), in relation to the January 17, 2017, December 25, 2017, and April 14, 2018 events for negligently releasing to the ambient air a hazardous air pollutant and at the time negligently placing another person in imminent danger of death or serious bodily injury;

WHEREAS, under the plea agreement, Big Lake Gas Plant, L.P., would agree to pay a total aggregate criminal fine in the amount of $3,000,000 to the United States, along with a mandatory special assessment under 18 U.S.C. § 3013;

WHEREAS, Section 8.3 of the Partnership Agreement for Big Lake Gas Plant, L.P., authorizes Reagan County Gas Gathering GP, Inc., as the general partner, to "take any action it deems to be necessary, appropriate, or convenient relating to the management of the Partnership, including, but not limited to, the powers to … commence or defend any litigation with respect to the Partnership or any Partnership property, at the expense of the Partnership, … [and] … to enter into, make and perform any contracts, agreements, and other undertakings that may be deemed necessary or advisable by the General Partner for the conduct of the affairs of the Partnership";

WHEREAS, a copy of the plea agreement has been provided to the Board of Directors, and all legal and factual aspects of this case have been reviewed with defense counsel at Baker Botts L.L.P.;

WHEREAS, the Board of Directors has received satisfactory explanation from defense counsel concerning each paragraph of the plea agreement, the defendant's rights affected thereby, and the alternatives to entering a guilty plea, and after conferring with defense counsel, the Board of Directors concludes that it is in the best interest of Big Lake Gas Plant, L.P., to enter this agreement rather than proceeding to trial;


GOVERNMENT EXHIBIT 1

THEREFORE, the Board of Directors hereby RESOLVES that:

1. Big Lake Gas Plant, L.P., by and through its outside counsel at Baker Botts L.L.P., will: (a) acknowledge the filing in the United States District Court for the Northern District of Texas of the two-count Information charging the company with a knowing violation and a negligent violation of the Clean Air Act, as described above; (b) waive indictment on such charges and enter a Plea Agreement with the United States; and (c) agree to pay a monetary penalty of $3,000,000 to the United States Treasury along with any special assessments as set forth in the plea documents;

2. Scott Janoe at Baker Botts L.L.P., as outside counsel for Big Lake Gas Plant, L.P., is hereby authorized, empowered, and directed, on behalf of the company, to execute the Plea Agreement substantially in such form as reviewed by this Board of Directors with such changes as may be approved in consultation with Mr. Richard Hatchett; and

3. Mr. Janoe is hereby authorized, empowered, and directed to take any and all actions as may be necessary or appropriate, and to approve the forms, terms, or provisions of any agreement or other documents as may be necessary or appropriate to carry out and effectuate the purpose and intent of the foregoing resolutions.

ADOPTED this 27th day of September, 2021.

_____
Richard D. Hatchett, Director

_____
David L. Davis, Director

BEING ALL OF THE DIRECTORS OF REAGAN COUNTY GAS GATHERING GP, INC.